UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HENRY WESTON,

                Plaintiff,

        v.                                  Case No. 25-cv-1089-bhl

RANDALL HEPP et al.,

                Defendants.

---

## DECISION AND ORDER

---

Plaintiff Henry Weston, who is confined at the Kettle Moraine Correctional Institution, is representing himself in this 42 U.S.C. §1983 case and proceeding on claims that he was denied recreation time for nearly a year. Discovery closed on May 1, 2026, and Defendants moved for summary judgment on June 2, 2026. On May 26, 2026, just days before Defendants filed their summary judgment motion, Weston filed a motion to compel. He has since filed two additional motions to compel (on June 15 and June 17, 2026, respectively), and a motion for an extension of time to respond to Defendants' summary judgment motion. On June 22, 2026, Weston filed a motion for reconsideration of his three motions to compel even though the Court had not yet (indeed still has not) ruled on his motions. Finally, he has filed a motion to appoint counsel. For the reasons explained below, the Court will grant Weston's motion for an extension of time but will deny his other motions.

Weston asserts in his motions to compel that he served four sets of discovery requests. He acknowledges that Defendants responded to two sets of his requests, albeit not in the manner he desired. He includes their responses along with his motions. Weston asserts that the responses are incomplete without explanation or elaboration. Defendants objected to many of Weston's requests as improper for various reasons, including that the requests were vague and overly broad. Defendants also informed Weston that the policies he requested are available in his institution's law library. Weston does not address Defendants' objections except to generally state that he disagrees that his requests are confusing. It also does not appear that Weston made any attempt to

revise his requests in response to Defendants' objections or that he discussed Defendants' objections with Defendants' counsel. Weston does not identify what documents or information he believes is missing.

Defendants explain that, after Weston filed his first motion to compel, they responded to his third set of requests and produced more than 150 pages of documents. They concede that their responses were produced more than sixty days after Weston requested them. In his motion for reconsideration, Weston asserts that he received only cover letters from Defendants' counsel; he has not yet received any responsive documents. Weston speculates that Defendants are playing games, but the Court notes that, as Weston is well aware, the delivery of mail is frequently delayed for reasons outside of the sender's control. Weston acknowledges that Defendants provided various memos, policies, and logs in support of their motion for summary judgment. Finally, Defendants explain that they did not respond to Weston's fourth set of discovery requests because Weston served them just one week before the discovery deadline. Accordingly, the fourth set of requests was untimely, and Defendants have no obligation to respond to those requests.

The Court will deny Weston's motions to compel and his motion for reconsideration. Defendants have shown that they timely responded to Weston's first two sets of requests, and Weston does not explain why their responses, which include their objections, were incomplete or inadequate. Simply characterizing their responses as such is not enough for Weston to show that Defendants failed to discharge their duty to respond. Similarly, it is insufficient for Weston to state that he believes his requests were easy to understand. Defendants objected, in part, that they were not understandable. Weston apparently made no effort to confer with Defendants' counsel to clarify his requests or to revise his requests to address Defendants' objections.

It is worth highlighting that the main issue in this case is whether Weston complied with policies regarding standing for count and leaving his cell front uncovered. Along with the summary judgment motion, Defendants have provided information and documents showing that Weston did not comply with those policies. Weston has personal knowledge regarding that issue and the accuracy of Defendants' information, and he can place his version of what happened before the Court in the form of an unsworn declaration. As such, it is unclear what information or documents Weston requested that he believes he did not receive and that he believes he needs to respond to Defendants' summary judgment motion.

2

With regard to Weston's third set of discovery requests, Defendants assert that they have produced about 150 pages of responsive documents. Weston asserts that he has not received the documents. Given the nearly routine challenges of promptly delivering mail to prisoners, the Court will grant Weston's motion for an extension of time to respond to Defendants' summary judgment motion to **August 3, 2026**. This extension should provide adequate opportunity for the documents to be delivered to and reviewed by Weston. The Court encourages Defendants' counsel to confirm with Weston's litigation coordinator that the documents have been delivered. If Weston needs additional time to prepare his response materials, he must file a motion before the extended deadline and explain why he needs additional time. If Weston does not respond by the deadline, the Court will assume all facts asserted by Defendants are true and will decide the motion without his input.

The Court will also deny Weston's motion to appoint counsel. He asserts that he has limited knowledge of legal procedures and rules and that his incarceration limits his ability to investigate the facts, interview witnesses, and gather evidence. He also asserts that the legal issues are complex.

In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Accordingly, in exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

It appears that Weston has satisfied the first prong of the standard; nevertheless, the Court will deny his motion because he appears capable of representing himself at this stage of the case. When considering whether a plaintiff has the capacity to represent himself, the Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that

3

may limit the plaintiff's ability to litigate the case." *Pennewell v. Parish*, 923 F.3d 486, 491 (7th Cir. 2019). Weston's filings to date have been clear and organized, giving the Court confidence that he has the capacity to understand and respond to Defendants' summary judgment motion. His claim regarding the denial of recreation time is straightforward and will largely turn on his recollection of whether he complied with the requirements that he stand for count and leave his cell front uncovered. Weston is capable of presenting his version of what happened in response to Defendants' version, so the Court will deny his motion at this time. If new challenges arise that Weston does not believe he can overcome on his own, he may renew his motion. If he does so, he should be specific about the challenges he faces and the efforts he has made to overcome them.

**IT IS THEREFORE ORDERED** that Weston's motions to compel (Dkt. Nos. 20, 32, 36) and his motion for reconsideration (Dkt. No. 37) are **DENIED**.

**IT IS FURTHER ORDERED** that Weston's motion to appoint counsel (Dkt. No. 33) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Weston's motion for an extension of time (Dkt. No. 35) is **GRANTED**. Weston must respond to Defendants' summary judgment motion by **August 3, 2026**.

Dated at Milwaukee, Wisconsin this 25th day of June, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

4